**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REYNALD PETIT HOMME** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 26-7878** |
| | : | |
| **J.L. JAMISON, ACTING DIRECTOR JOHN E. RIFE, SECRETARY MARKWAYNE MULLIN, U.S. DEPARTMENT OF HOMELAND SECURITY** | : : : : : | |

# ORDER

**AND NOW**, this 19th day of October 2026, upon reviewing Petitioner's counseled Petition for habeas relief (ECF 1) seeking prompt release from custody at the Federal Detention Center Philadelphia after residing in the United States for over three years and being detained during a routine check-in, Respondents' response (ECF 6) opposing release and arguing Petitioner is subject to mandatory detention and not entitled to a bond hearing despite the uncontested allegations regarding Petitioner's presence in our District and Respondents do not claim Petitioner is a danger to person or property or a flight risk, and finding, as we already found, our colleagues in now hundreds of cases nationwide have found facing similar fact patterns, and our Court of Appeals made clear, Respondents detain Petitioner in violation of the Constitution and the laws of the United States and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as the Petitioner is unlawful leading us to be persuaded by our colleagues' and our Court of Appeals extensive analysis (well known to Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section 1225(b)(2) narrowly,[1] and there is no basis for mandatory detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. § 1226(a) after a bond hearing, and finding good

cause to maintain and resolve the vested justiciability of Petitioner's claim in a timely manner, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. Respondents shall **forthwith** release Reynald Petit Homme from federal government custody no later than **6:00 PM EST** on **October 19, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **9:30 AM EST** on **October 20, 2026**;

3. Respondents are temporarily enjoined from re-detaining Reynald Petit Homme until no earlier than **October 30, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Petit Homme with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4. Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Petit Homme from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Petit Homme is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Petit Homme rom this District for emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Petite Homme; and,

5. The Clerk of Court **CLOSE** this case.

**KEARNEY, J.**

[1] The United States urges us to order Mr. Petit Homme remain in custody because he is subject to mandatory detention under section 1225(b)(2) and not entitled to a bond hearing. ECF 6 at 1. As Respondents note, our Court of Appeals recently held Congress through 8 U.S.C. § 1225(b)(2)(A) did not authorize detention, without a bond hearing, of a noncitizen already in the United States who had earlier entered without inspection. *See Buele Morocho v. Warden Phila. FDC*, Nos. 26-1150 & 26-1454, 2026 WL 2546223 at *5-7 (3d Cir. Aug. 28, 2026) (holding § 1225(b)(2)(A) applies only to "noncitizens at the border," not to noncitizens already residing in the United States). Respondents also acknowledge we, and our colleagues, reached the same result in circumstances with similar facts before and after our Court of Appeals's guidance in *Buele Morocho*. ECF 6 at 2 (citing *Sirojidinov v. Jamison,* No. 26-7227 (E.D. Pa. Oct. 1, 2026); *Nuriakhmedov v. Jamison,* No. 26-6695 (E.D. Pa. Sept. 17, 2026); *Krutelev v. Jamison, et al.*, No. 26-5299 (E.D. Pa. July 31, 2026) (Weilheimer, J.); *Abdushukur v. Jamison, et al.*, No. 26-2355 (E.D. Pa. Apr. 15. 2026) (Savage, J.); *Nazarkhudoev v. Jamison*, No. 26-991 (E.D. Pa. March 4, 2026) (Wolson, J.); *Lotero Cano v. Jamison*, No. 26-1140 (E.D. Pa. March 3, 2026) (Scott, J.); *Alekseev v. Jamison,* No. 26462 (E.D. Pa. Feb. 13, 2026) (Diamond, J.); *Murodov v. Jamison*, No. 26-594, (E.D. Pa. Feb. 13, 2026) (Pappert, J.); *Vasquez-Rosario v. Noem*, No. 25-7427, (E.D. Pa. Jan. 26, 2026) (Kenney, J.)).

We decline to order Mr. Petit Homme remain in custody. The United States does not contest the facts asserted in Mr. Petit Homme's habeas petition. Mr. Petit Homme entered the United States in 2023. ECF 1 ¶ 1. Mr. Petit Homme consistently complied with DHS supervision, including regularly attending required ICE check-ins. *Id* at 21. We have no basis today to find Respondents offered a basis to continue detaining Mr. Petit Homme.